NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LOCAL 387 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,

Plaintiff-Appellee,

v.

NAVOPACHE ELECTRIC COOPERATIVE, INC.,

Defendant-Appellant.

No.    19-15588

D.C. No. CV-18-04108-PHX-SRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted May 8, 2020[**]
Portland, Oregon

Before: WATFORD and HURWITZ, Circuit Judges, and BATTAGLIA,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

Local 387 International Brotherhood of Electrical Workers (the "Union") and Navopache Electrical Cooperative, Inc. entered into a three-year collective bargaining agreement ("CBA") in 2015. During bargaining in 2018 regarding proposed amendments to the new CBA, the Union and Navopache were unable to reach agreement on the CBA's management rights' clause. On November 16, 2018, the Union filed a Petition to Compel Arbitration (the "Petition"). The district court granted the Petition and referred the matter to interest arbitration. Navopache now timely appeals. *See* 28 U.S.C. § 1291. We have jurisdiction of the appeal under 28 U.S.C. § 1291 and affirm.

Although we agree with the district court that the relevant language of the CBA is not "the epitome of draftsmanship," we also agree that it requires the parties to submit this dispute to interest arbitration. Although the words "interest arbitration" do not appear in the CBA, Article VII, Section 5(b) clearly contemplates the arbitration of such disputes: "Except as to matters submitted to arbitration regarding matters arising out of differences concerning amendments to this Agreement at termination, the Arbitrator's authority shall be limited to the interpretation and application of this Agreement." Moreover, Navopache concedes that the parties agreed to interest arbitration during the term of the CBA under Article VIII, Section 2, and Article XI provides that "this Agreement shall remain in full force and in effect during such period of negotiation as well as during the period of

2

arbitration provided in Article VII, should any amendment be submitted for arbitration as therein provided." *See Beach Air Conditioning & Heating, Inc. v. Sheet Metal Workers Int'l Ass'n*, 55 F.3d 474, 476 (9th Cir. 1995) ("[T]he mere expiration of an agreement doesn't terminate all obligations imposed by it, as interest arbitration clauses survive expiration of the agreement.").

Navopache asserts that the CBA provisions should be viewed only as permissive – meaning that disputes are only submitted to interest arbitration if a party first obtains the other party's consent. However, a presumption of arbitrability exists in the instant litigation. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986); *Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers Union*, 430 U.S. 243, 254–55 (1997); *see also Hotel & Rest. Emps., & Bartenders Union, Local 703 v. Williams*, 752 F.2d 1476, 1479 (9th Cir. 1985). And, that is not what Article VII says; it refers to "matters submitted to arbitration" without any requirement that both parties agree to submission. *See Trs. of S. Cal. IBEW-NECA Pension Tr. Fund v. Flores*, 519 F.3d 1045, 1047 (9th Cir. 2008); *see also Alday v. Raytheon Co.*, 693 F.3d 772, 784 (9th Cir. 2012) ("As in all contracts, the collective bargaining agreement's terms must be construed so as to render none nugatory and avoid illusory promises." (quoting *Smith v. ABS Indus., Inc.*, 890 F.2d 841, 845 (6th Cir. 1989))). There is no language in the CBA that requires a separate standalone agreement as a prerequisite to interest arbitration once

3

the term of the CBA has expired. The district court correctly read the CBA as empowering an arbitrator to resolve the parties' differences concerning amendments to the CBA and did not err in compelling interest arbitration.

**AFFIRMED.**